BLUE RIBBON HOME MAINTENANCE, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Blue Ribbon Home Maintenance v. Commissioner
Docket No. 16709-92
United States Tax Court
T.C. Memo 1993-555; 1993 Tax Ct. Memo LEXIS 554; 66 T.C.M. (CCH) 1424; November 23, 1993, Filed *554 Decision will be entered under Rule 155. For petitioner: Roger Hale. For respondent: Joseph T. Ferrick. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's Federal income tax for taxable year 1988 in the amount of $ 6,862 and additions to tax under sections 6651(a)(1) and 6653(a)(1) in the amounts of $ 1,029.30 and $ 343.10, respectively. After concessions by respondent, the issues for decision are whether petitioner is entitled to cost of goods sold and business expenses under section 162(a) in excess of the amounts allowed by respondent, and whether petitioner is liable for the additions to tax for untimely filing a return under section 6651(a)(1) and negligence under section *555 6653(a)(1). Some of the facts were stipulated and are so found. The stipulation of facts and related exhibits are incorporated by this reference. Petitioner, an Illinois corporation, maintained its principal office in New Lenox, Illinois, at the time its petition was filed. Respondent disallowed, in whole or in part, cost of goods sold and a number of deductions claimed on petitioner's 1988 corporate Federal income tax return on the basis that petitioner had failed to substantiate them. Most of the items disallowed have been conceded and some additional expenses not claimed on petitioner's return have also been allowed by respondent. [2] After concessions, the following items remain at issue: Item
Amount
Cost of goods sold
$ 14,425
Rent
1,850
Advertising
1,000
Utilities
384
*556 Deductions are a matter of legislative grace, and petitioner bears the burden of proving that it is entitled to any deductions claimed. . The only documentary evidence presented by petitioner to support the claimed deductions is three ledger sheets listing monthly totals by various categories. Respondent conceded in full the yearly totals shown on the ledger sheets for rent and advertising. Petitioner has not shown that it is entitled to any additional amounts for rent and advertising. We therefore find that petitioner's deductions for rent and advertising expenses are limited to the amounts conceded by respondent. Petitioner's ledger does not contain a separate category labeled "cost of goods sold", but respondent conceded that petitioner is entitled to take, as cost of goods sold, total amounts for "materials" and "outside help". Petitioner points to no additional categories of costs detailed in the ledger that should be included in the cost of goods sold calculation, and presented no other evidence in support of this claim. We find that petitioner is not entitled to cost of goods *557 sold in excess of that allowed and conceded by respondent. Petitioner's ledger reflects a utility expense of $ 2,022, and petitioner claimed a utility expense deduction in the amount of $ 1,011 on the corporate return. Respondent conceded $ 627 as the allowable corporate expense for utilities. Petitioner's president, Roger Hale, testified that the ledger total included utilities for his personal residence as well as for petitioner's business, and that he relied upon petitioner's return preparer to allocate the utility expense between corporate and personal use. He stated that he did not know how the utility expense allocation shown on the return was calculated. Thus, petitioner offered no evidence to support a finding that a greater percentage of the utility expense than that conceded by respondent is allowable to the corporation. On this record, we hold that petitioner has not established it is entitled to cost of goods sold or deductions in excess of those allowed or conceded by respondent. Respondent determined that petitioner is liable for the addition to tax under section 6651(a)(1) for filing its 1988 return after the due date. The due date for petitioner's return was *558 extended to September 15, 1989. Petitioner stipulated that its 1988 tax return was filed on December 6, 1989. Section 6651(a)(1) provides for an addition to tax in the amount of 5 percent of the amount of the tax if the failure to file is for not more than 1 month, with an additional 5 percent for each month in which the failure to file continues, to a maximum of 25 percent of the tax in the aggregate. The addition to tax is applicable unless it is shown that the failure to file is due to reasonable cause and not due to willful neglect. Petitioner has not shown that the late filing was due to reasonable cause. Respondent's determination that petitioner is liable for the addition to tax for late filing under section 6651(a)(1) is therefore sustained. The remaining issue for decision is whether the addition to tax for negligence under section 6653(a)(1) is applicable. Section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment of tax if any part of the underpayment is due to negligence or disregard of rules or regulations. Respondent's determination of negligence is presumed to be correct, and petitioner has the burden of proving that it is erroneous. *559 Rule 142(a); . Petitioner claimed cost of goods sold and deductions to which it is not entitled and failed to timely file its 1988 income tax return. Respondent's determination that petitioner is liable for the addition to tax for negligence is sustained. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. These amounts differ from respondent's schedule of adjustments in her Notice of Concession (Status Report) filed June 14, 1993, in the following respects: (1) Respondent's concession of $ 1,921 for office expense exceeds the amount claimed by petitioner on its return by $ 13; and (2) respondent's summary does not reflect the concession at trial of $ 834 for uniforms and cleaning expense.↩